IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

QUANARDO TAYLOR, #42174-037     *
       Plaintiff,
   v.     *    CIVIL ACTION NO. PJM-10-2315

DR. HAMMOND, et al.     *
       Defendants.
                    ***

**MEMORANDUM OPINION**

Quanardo Taylor ("Taylor") is a U.S. Bureau of Prisons ("BOP") inmate currently confined at the United States Penitentiary-Hazelton ("USP-Hazelton"), in Bruceton Mills, West Virginia.[1] On August 19, 2010, the Court received for filing a letter, construed as Taylor's 28 U.S.C. § 1331 civil rights Complaint, alleging that he is not seeking proper attention for his many "suicidal attempts." Paper No. 1. Taylor also complains that USP-Hazelton staff is throwing away all his outgoing mail and he has placed the name of another inmate on the outside of the envelope to evade alleged mail-tampering problems. He asks to be provided the appropriate forms to file complaints *in forma pauperis* against the parties named in his letter.[2] *Id*.

District courts are required to screen all civil cases brought by inmates. *See McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). In conducting this review courts should examine venue and jurisdiction, identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a

---

[1] Taylor entered a guilty plea and was convicted and sentenced in this Court on January 4, 2006. *See United States v. Taylor*, Criminal No. AMD-05-0006 (D. Md.).

[2] In addition to the Complaint letter, on or about August 19, 2010, the Court received for filing a "Motion to Seek Medical Attention" from Taylor and a letter from another USP-Hazelton inmate seeking assistance for Taylor. Paper Nos. 2 & 3. A ruling on the Motion shall be left for the transferee

defendant who is immune from such relief. The screening is necessary to determine whether defendants should be required to respond to the action.

Pursuant to 28 U.S.C. § 1391(b), a civil action wherein jurisdiction is not founded solely only on "diversity of citizenship" may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Assuming, *arguendo*, that Taylor's allegations state a claim that may be brought in federal court, it is clear that this Court lacks venue under § 1391(b). Taylor is confined at a BOP facility in West Virginia, the Complaint contains no allegations arising in Maryland and none of the Defendants reside in Maryland. The Court will, by separate Order, direct the Clerk to transfer the matter to the United States District Court for the Northern District of West Virginia at Clarksburg, pursuant to 28 U.S.C. § 1406(a).

August 31, 2010

/s/
ALEXANDER WILLIAMS, JR. for
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

court's consideration.